```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ASSOCIATED INDUSTRIES INSURANCES                            :
CO., INC.,                                                  :
                                                            :
                              Plaintiff,                    :    21 Civ. 3624 (LGS)
                                                            :
              -against-                                     :    ORDER
                                                            :
WACHTEL MISSRY LLP, et al.,                                 :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 5, 2021, Defendant Howard Kleinhendler filed a pre-motion letter for a motion to transfer the case to the Eastern District of New York. (Dkt. No. 27.) On September 14, 2021, Plaintiff filed a letter response in opposition to the transfer. (Dkt. No. 32.) On September 15, 2021, Defendant Kleinhendler filed a reply. (Dkt. No. 33.). On September 16, 2021, Defendant Wachtel Missry LLP filed a letter in support of the transfer. (Dkt. No. 34.)

WHEREAS, the Court construes Defendant Kleinhendler's pre-motion letter as a motion to transfer.

WHEREAS, under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). This statute confers upon a district court the discretion to grant a motion to transfer an action to another venue where the plaintiff could have filed the case originally. *Commodity Futures Trading Comm'n v. EOX Holdings LLC*, No. 18 Civ. 8890, 2019 WL 5203661, at *3 (S.D.N.Y. July 31, 2019) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960)). "The burden of proof rests with the movant, who must show by clear and convincing evidence that 'the balance of convenience strongly favors the

alternate forum[.]'" *Id.* (quoting *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010)); *see also DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). It is hereby

**ORDERED** that Defendant Kleinhendler's motion to transfer is **DENIED**. Plaintiff's choice to bring suit in this forum deserves substantial weight, and Defendants have failed to demonstrate by clear and convincing evidence that the balance of convenience favors transfer. The issues presented in Plaintiff's Complaint (Dkt. No. 1) and Defendant Wachtel Missry LLP's Counterclaim (Dkt. No. 30) are narrow in scope, involving Plaintiff's contractual duty to defend Defendants in the pending action in the Eastern District of New York, an issue that does not require extensive discovery. *See Dominion Energy Inc. v. Zurich Am. Ins. Co.*, No. 13 Civ. 156, 2013 WL 5720174, at *3 (D. Conn. Oct. 18, 2013) (denying transfer motion because "[i]n the standard duty to defend case, the court need only examine the text of the insurance policy and underlying complaint").

Dated:  September 20, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**