**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,<br><br>                          Plaintiff,<br><br>    -against-<br><br>WACHTEL MISSRY LLP and HOWARD KLEINHENDLER,<br>                        Defendants. | Civ. No. 1:21-cv-03624-LGS<br><br>~~[PROPOSED]~~ **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c), to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1.      Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information").  Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court.  Nothing in this Protective Order constitutes an

admission by any Party that Confidential Information disclosed in this case is relevant or admissible.

Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person,

except:

(a)      The requesting Party and counsel, including in-house counsel;

(b)      Employees of such counsel assigned to and necessary to assist in the litigation;

(c)      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

(d)      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel

must:

(a)      Inform the person of the confidential nature of the information or documents;

(b)      Inform the person that this Court has enjoined the use of the information or documents by him/her/them for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c)      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The Parties shall follow the Court's procedures for requests for filing under seal.

10.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.     Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions. The parties are further directed to follow the Court's Individual Rule I.D.3 regarding motions for approval of sealed or redacted filings.

So Ordered.

Dated:  December 22, 2021
        New York, New York

3

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED.

Dated: 12/22/2021                          Dated: 12/22/2021

Counsel for Associated Industries          Counsel for Wachtel Missry, LLP
Insurance Company, Inc.


                                           Dated: _____


                                           Howard Kleinhendler (*Pro Se*)

4

SO STIPULATED AND AGREED.


Dated: _____          Dated: _____


_____                 _____
Counsel for Associated Industries        Counsel for Wachtel Missry, LLP
Insurance Company, Inc.


                                          Dated: ___12-22-21___

                                          _____
                                          Howard Kleinhendler (*Pro Se*)


4

**Exhibit A**
To Stipulated Confidentiality
Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> -against- <br><br> WACHTEL MISSRY LLP and HOWARD KLEINHENDLER, <br><br> Defendants. | Civ. No. 1:21-cv-03624-LGS <br><br> **NON-DISCLOSURE AGREEMENT** |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "CONFIDENTIAL." I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signature: _____

Printed Name: _____

Date: _____