**OLSHAN**

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKING@OLSHANLAW.COM
DIRECT DIAL: 212.451.2217

September 15, 2022

**BY EFILE**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, New York 10007

      Re:    *Associated Industries Insurance Company, Inc. v. Wachtel Missry, et al.*,
              Case No. 1:21-cv-3624

Dear Judge Schofield:

      This firm represents Defendant Wachtel Missry LLP ("Wachtel Missry") in the above-referenced action. We write pursuant to Your Honor's instruction contained in the Opinion and Order, dated September 8, 2022 [Dkt. No. 67] (the "Order"), which granted Associated Industries Ins. Co., Inc.'s ("AIIC") motion pursuant to Fed. R. Civ. P. 12(c). Specifically, Your Honor requested that "each Defendant … file a letter identifying any affirmative defense consistent with the rulings above and believed to have a good faith factual and legal basis, and describing same." Defendant Wachtel Missry respectfully submits that its second affirmative defense[1] of estoppel, waiver, and laches precludes entry of judgment in favor of AIIC. Wachtel Missry anticipates that additional motion practice will be necessary to clarify this Court's Order.[2]

---

[1] The Order dismissed Wachtel Missry's counterclaims "as moot." [Dkt. No. 67 at 14.] Wachtel Missry respectfully submits that the Order did not moot Wachtel Missry's two counterclaims concerning the duty to defend to the extent that Wachtel Missry establishes that AIIC is precluded from denying coverage and/or withdrawing its defense pursuant to the doctrines of waiver and estoppel. Wachtel Missry anticipates filing a Rule 59 motion seeking amendment of the Order such that Wachtel Missry's counterclaims are preserved to the extent they can be established via waiver and/or estoppel.

[2] In addition to the duty to defend issue addressed in footnote 1, Wachtel Missry likely will seek clarification of the Court's dismissal of its counterclaims with respect to the duty to indemnify. Such dismissal must be without prejudice because those claims are not yet ripe for adjudication and will remain unripe until there is a settlement or judgment in the Underlying Action that can form the predicate for an indemnification claim. *See Koegler v. Liberty Mut. Ins. Co.*, No. 08-CV-7645 (CM), 2009 WL 1110548, at *1 (S.D.N.Y. Apr. 21, 2009) ("Of course, the claim for a declaration that plaintiff is entitled to indemnification will be dismissed without prejudice, so that if it ever should ripen, a new lawsuit can be commenced. But until the claim ripens, there need be

September 15, 2022
Page 2

**Factual Background**

This action concerns insurance coverage for an underlying lawsuit styled *Applestein v. Kleinhendler, et al.*, Case No. 1:20-cv-01454-AMD (E.D.N.Y.) (the "Underlying Action"). Wachtel Missry purchased malpractice liability insurance from AIIC that contained two distinct promises: AIIC would defend Wachtel Missry against any lawsuit alleging facts that could potentially fall within coverage, and AIIC would indemnify Wachtel Missry against liability falling within the Policy terms.

As Your Honor correctly noted in the Order, on August 21, 2019, Wachtel Missry gave AIIC notice of a pre-suit demand letter that the firm received from counsel for the plaintiffs in the Underlying Action. That letter detailed the allegations that would later be made against Mr. Kleinhendler and Wachtel Missry, including the allegations regarding the Virginia True transaction. AIIC acknowledged receipt, but did not issue any reservation of rights or position on coverage at that time.

In December 2019, the underlying plaintiffs commenced the Underlying Action against Wachtel Missry. The complaint reiterated the allegations of purported liability for the activity of Kleinhendler during his alleged representation of Mr. Applestein from 2013 through the time of the Virginia True transaction in 2017. AIIC did not issue any reservation of rights letter at that time. Instead, documents produced in discovery show that AIIC became actively involved in the defense efforts. AIIC understood that Wachtel Missry did not represent Mr. Applestein in the Virginia True transaction, that it had never billed or collected fees from Mr. Applestein for any work related to that transaction, that Mr. Kleinhendler was not acting in the capacity as a Wachtel Missry attorney in that transaction, and that Mr. Applestein had retained separate counsel to represent him in that transaction.

Without reserving its rights, AIIC assumed the defense of Wachtel Missry and discussed selection of defense counsel and the strategy for resolving the case. The strategy issues and particularly the timing of defense activities were critical because of a related bankruptcy action that already had been pending for a year. At the time, AIIC's internal documents produced in discovery show that AIIC considered Wachtel Missry to be covered under the Policy with respect to the legal malpractice, breach of fiduciary duty, and elder abuse allegations asserted against the firm.

In March 2020, the Underlying Action was transferred to the Eastern District of New York from the Southern District of Florida. In its order transferring the case, the Southern District of Florida marked as "terminated" the then-pending motion by Wachtel Missry to dismiss the case for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In consultation with AIIC and in reliance on the defense being provided, Wachtel Missry shifted its defense strategy and instead

---

no lawsuit open on the court's docket."); *Specialty Nat. Ins. Co. v. English Bros. Funeral Home*, 606 F. Supp. 2d 466, 468 (S.D.N.Y. 2009) ("[T]he Court finds Specialty's request for a declaratory judgment that it has no duty to indemnify English Brothers to be premature, and accordingly, that portion of plaintiff's motion for summary judgment should be denied and that portion of the action should be dismissed without prejudice.").

9470449-2

September 15, 2022
Page 3

sought to stay the Underlying Action due to the pending related bankruptcy proceeding. While the substance of the legal communications and defense strategy cannot be detailed in this letter, Wachtel Missry initially filed a pre-motion letter with respect to an anticipated motion to dismiss in accordance with the court's rules. That letter was later withdrawn, and Wachtel Missry filed an Answer to the Complaint rather than making a motion to dismiss. Instead of engaging in motion practice, the parties to the Underlying Action engaged in discussions regarding potential resolution.

Three months later, on June 19, 2020, AIIC for the first time sent Wachtel Missry a letter in which AIIC represented that it "will defend Wachtel [Missry] … under a reservation of rights" to deny coverage to the extent that any liability was found on grounds falling outside of the scope of coverage. At the time, AIIC acknowledged that the purpose of the letter was to provide the plaintiffs in the Underlying Action with a clear understanding of the Policy language and the potential legal impediments to obtaining proceeds from Wachtel Missry's insurance policy <u>for any settlement or judgment</u>. AIIC assured Wachtel Missry that it would continue to defend the case. AIIC in fact did so by advising on strategy, attending mediations, and taking positions on potential settlement terms.

In fact, internal AIIC correspondence produced during discovery confirms that potential liability arising out of 2013 to 2017 activities of Kleinhendler that predated the existence of Virginia True concerned AIIC and influenced it to provide a defense to its Insureds despite the issues raised in the reservation of rights letter.

AIIC did not file this lawsuit until over ten months after it sent its reservation of rights letter. And then AIIC waited another three months to serve process. During this time, the Underlying Action continued, with AIIC actively involved in its role defending Wachtel Missry. AIIC assigned separate counsel to Mr. Kleinhendler. It rejected settlement demands. It participated in forming defense strategy, including with respect to discovery scheduling. In particular, to date there still has been no deposition of attorney Marian Hasty, the Florida lawyer that actually represented Mr. Applestein in the Virginia True transaction. Wachtel Missry was willing to take this approach to the litigation because of the confidence it had that AIIC would continue to defend against the allegations made, all of which the firm denies as meritless.

Even after serving process in July 2021, AIIC represented to Wachtel Missry that the lawsuit did not truly endanger the defense owed under the Policy. AIIC's claims handler told Wachtel Missry directly that it would continue to defend, despite the claims asserted in the Complaint, and that the true purpose of the litigation was to demonstrate to Applestein's counsel that the firm's malpractice policy was not a "deep pocket" or "pot of gold" that was available to pay <u>settlement or judgment</u> on Applestein's claims.

It was only after another unsuccessful mediation that AIIC petitioned this Court to relieve it of its duty to defend. [Dkt. No. 51.] AIIC attended that mediation and rejected settlement demands of the plaintiffs on behalf of its Insureds (Wachtel Missry and Mr. Kleinhendler).

9470449-2

September 15, 2022
Page 4

In all, after receiving notice of the claim, AIIC waited:

- **10 months** before raising any question about coverage for defense of the Underlying Action;

- **20 months** before filing this action;

- **23 months** before commencing this action through service of process; and

- **30 months** before moving this Court to relieve it of its defense obligation.

Throughout this time, AIIC repeatedly reaffirmed to Wachtel Missry that it would honor its duty to defend. In fact, AIIC did pay a percentage of Wachtel Missry's defense costs during that time, and it continues to do so today. It assumed the role of a defending insurer.

**Wachtel Missry's Affirmative Defenses**

An insurer that assumes the defense of its policyholder and unreasonably delays in disclaiming coverage is estopped from later denying coverage. *See, e.g., Scottsdale Ins. Co. v. United Industries & Const. Corp.*, 2017 WL 52581 (E.D.N.Y. Jan. 4, 2017) (citation omitted). The applicable test is two-pronged: whether delay was unreasonable and whether prejudice was suffered.

First, reasonableness is measured "from the point in time when the insurer first learns of the ground for disclaimer of liability or denial of coverage." *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 68-69 (2003). For AIIC, that time was August 2019. This case is not a situation where AIIC learned factual information through its claims investigation that led it to discover purported lack of coverage. The Applestein plaintiff's contentions regarding Virginia True, Kleinhendler's role at Virginia True, and Wachtel Missry's purported liability for that allegedly conflicted transaction were apparent from the very first demand letter sent by its counsel. AIIC cannot contend that it did not understand from the outset that Kleinhendler was alleged to have engaged in a conflicted transaction with a client. Yet ten months elapsed after AIIC assumed the defense before AIIC ever raised the issue.

New York courts routinely find that even shorter delays by insurers are unreasonable as a matter of law. *See, e.g., Adams v. Cicago Ins. Co.*, 49 F. App'x 346 (2d Cir. 2002) (eight-month delay unreasonable); *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002) (nine-month delay unreasonable); *Inc. Village of Pleasantville v. Calvert Ins. Co.*, 204 A.D.2d 689 (2d Dep't 1994) (eight-month delay unreasonable); *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028 (1979) (two-month delay unreasonable). In addressing a similar delay, Judge Furman held "[t]hat ten-month delay, with no explanation, is comparable to—indeed, longer than—unexcused delays that the Second Circuit and other courts have held to be unreasonable as a matter of New York law." *Montpelier U.S. Ins. Co. v. 240 Mt. Hope Realty Co.*, No. 15-CV-1033 JMF, 2015 WL 6395949, at *3 (S.D.N.Y. Oct. 22, 2015) (citations omitted).

September 15, 2022
Page 5

Second, based on the facts here, the law presumes that Wachtel Missry has been prejudiced. "[U]nder New York law, prejudice to an insured may be presumed where 'an insurer, though in fact not obligated to provide coverage, without asserting policy defenses or reserving the privilege to do so, undertakes the defense of the case, in reliance on which the insured suffers the detriment of losing the right to control its own defense.'" *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002) (quoting *Albert J. Schiff Assocs., Inc. v. Flack,* 51 N.Y.2d 692, 699 (1980)); *see also Scottsdale Ins. Co. v. United Indus. & Constr. Corp.*, 2017 WL 52581, at *3 (E.D.N.Y. Jan. 4, 2017). Here, the decisions that have been made cannot be undone, and AIIC's assumption of Wachtel Missry's defense results in presumed prejudice that estops AIIC from now changing course and denying its defense obligation.[3]

Additionally, AIIC's conduct and repeated reaffirmation that it will continue to meet is ongoing defense obligation waived any purported right AIIC has to withdraw that defense. AIIC's statements and conduct evidence its "voluntary abandonment or relinquishment of a known right." *VRA Family Ltd. P'ship v. Salon Mgm't USA, LLC*, 183 A.D.3d 614 (2d Dep't 2020). At bare minimum, issues of fact exist that cannot be addressed on the current record, which consists solely of AIIC's Rule 12(c) pleadings-based motion. *See County of Suffolk v. Ironshore Indem. Inc.*, 187 A.D.3d 1137 (2d Dep't 2020) (remanding issue of waiver for trial).

**<u>Conclusion</u>**

For the foregoing reasons, Wachtel Missry respectfully submits that this Court's Order does not negate or preclude Wachtel Missry's second affirmative defense.

              Respectfully submitted,

              *Jeremy M. King*

              Jeremy M. King

cc:  All Counsel of Record (via ECF)

---

[3] For the same reasons, the portion of Wachtel Missry's second affirmative defense based upon laches also survives. Laches precludes enforcement of a right when inexcusable delay results in prejudice to a party. *See Howard Univ. v. Borders*, 2022 WL 602829 (S.D.N.Y. Mar. 1, 2022).

9470449-2