HOWARD KLEINHENDLER ESQUIRE
369 LEXINGTON AVENUE, 12TH FLOOR
NEW YORK, NEW YORK 10017
(917) 793-1188
howard@kleinhendler.com
www.kleinhendler.com

September 15, 2022

<u>VIA ECF FILING</u>
The Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

  Re: *Associated Industries Insurance Company, Inc. v. Wachtel Missry LLP, et al.* <u>**(Case No. 21 CIV 3624 (LGS))**</u>

Dear Judge Schofield:

  Per the Court's Order dated September 8, 2022 [ECF 67], the undersigned hereby submits that the affirmative defenses of laches and estoppel continue to have merit.

  Specifically, in August 2019, counsel for Applestein and Diatomite Corp. sent Wachtel Missry a demand letter which set out in detail the basis for its claims that ultimately resulted in their complaint filed in December 2019 in the Southern District of Florida. The August 2019 demand letter was shared with plaintiff, Associated Industries Insurance Company ("ACCI"). Further, until the complaint in this matter was served on the undersigned on or about July 7, 2021 [ECF 21], the undersigned was unaware that ACCI had reserved its rights with regard to the undersigned's defense costs. The reservation of rights letter sent by ACCI to Wachtel Missry on June 19, 2020 was not copied to me. At that time, I was no longer a member of Wachtel Missry, having left the firm effective December 31, 2019.

  I have checked my files and emails and do not see a separate reservation of rights letter from ACCI to me.

  ACCI's representatives were directly involved in the defense of this matter by advising and regularly consulting with defense counsel. That included demands for my deposition to go forward sooner than I would have wanted, *i.e.,* before the deposition of Marian Hasty, Esq., of Gautier & Hasty P.L., Mr. Applestein's Florida lawyer. Ms. Hasty represented Applestein and

Diatomite Corp. in the VA True transaction in April 2017; she reviewed each closing document in advance of the Closing, demanded and negotiated the Side Letter, and was physically present at Mr. Applestein's side during the Closing in Miami. To date, while I have sat for two deposition sessions, Ms. Hasty has still not been deposed, thereby providing her with an advantage.

Further, had I known that ACCI would disavow its obligation to defend me, I would have pressed dispositive motions earlier, which have not yet been made, including dismissal of the Applestein case for lack of standing (i.e., no subject matter jurisdiction). Further, strategic decisions regarding motions relating to VA True's bankruptcy proceeding were directed and controlled by ACCI which did not want the Applestein case to be dragged into the bankruptcy proceeding where Diatomite Corp. has aggressively pursued its proof of claim for over $7 million.[1]

Additionally, ACCI lulled the undersigned into a sense of security over its legal fees resulting in the undersigned retaining a large full-service Virginia law firm to defend the Applestein matter. Pulling defense coverage now would place a very difficult financial burden on the undersigned.

Estoppel applies even where it is determined that there is no underlying coverage:

> [It] is true . . . that the doctrine of waiver may not be invoked so as to create insurance coverage where none exists under the policy . . . . However, the same does not hold true with respect to the doctrine of estoppel. In fact it is well-settled that where an insurer assumes and controls the defense of an action on behalf of an insured without properly preserving its rights to deny coverage, the insurer is estopped from denying coverage at a later time if this would result in prejudice to the insured. This is true even if no coverage is afforded under the insurance policy.

*Chopra v. Fidelity Natl. Tit. Ins.*, 2010 NY Slip Op 51710, 2010 N.Y. Misc. LEXIS 4781 at *11-12 (NY Sup. Ct. Kings Co. Sept. 29, 2010) (citing cases).

ACCI did not advise the undersigned of its intention to deny defense costs until July 2021, nearly two years after it received Applestein's demand letter of August 2019. This has resulted in prejudice to the undersigned, and makes out a defense for estoppel. *See, e.g., Adams v. Cicago Ins. Co.*, 49 F. App'x 346 (2d Cir. 2002) (eight-month delay unreasonable); *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002) (nine-month delay unreasonable); *Inc. Village of Pleasantville v. Calvert Ins. Co.*, 204 A.D.2d 689 (2d Dep't 1994)

---

[1] ACCI's control over what steps I could take with regard to the Applestein litigation and the VA True bankruptcy proceeding, which commenced on May 5, 2019, creates estoppel for indemnity as well as defense costs.

(eight-month delay unreasonable); *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028 (1979) (two-month delay unreasonable).[2]

  For the reasons set forth above, and for those set forth in Wachtel Missry's submission [ECF 68], which I incorporate herein, the affirmative defenses of estoppel and laches survive the Court's September 8, 2022 Order.

         Respectfully yours,

         *Howard Kleinhendler*

         Howard Kleinhendler

cc: All Counsel of Record (via ECF)

---

[2] For the same reasons, the affirmative defense of laches also survives. Laches precludes enforcement of a right when inexcusable delay results in prejudice to a party. *See Howard Univ. v. Borders*, 2022 WL 602829 (SDNY Mar. 1, 2022).