

April H. Gassler

agassler@stglawdc.com

September 22, 2022

**VIA ECF FILING**

The Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

      **Re:** *Associated Industries Insurance Company, Inc. v. Wachtel Missry LLP, et al.* **(Case No. 21 CIV 3624 (LGS)**

Dear Judge Schofield:

In accordance with the Court's Order dated September 16, 2022 [dkt. 70], we write on behalf of Plaintiff, Associated Industries Insurance Company, Inc. ("Associated"), in response to the letters filed by Defendants Wachtel Missry LLP (the "Firm") and Howard Kleinhendler ("Kleinhendler") [dkts. 68 and 69, respectively]. Those letters address certain affirmative defenses the defendants purport to believe are consistent with the Court's September 8, 2022 Order [dkt. 67], granting Associated's motion for judgment on the pleadings. Contrary to their assertions, none of the affirmative defenses referenced in the Firm's or Kleinhendler's respective letters are supported by the law or the facts and they are precluded by the September 8ᵗʰ Order.

In its letter, the Firm contends that Associated is estopped from denying any duty to defend, because Associated supposedly assumed the Firm's defense in the underlying Applestein Suit without reserving its rights to disclaim coverage until June 19, 2020. *See* dkt. 68 at 2, 4. The Firm further asserts that Associated has waived any right to withdraw from its defense of the Firm in the Applestein Suit by reaffirming "that it will continue to meet is ongoing defense obligation." *See id.* at 5. Kleinhendler asserts that his defense of estoppel/laches applies because he purportedly did not learn that Associated might disclaim any duty to defend or indemnify him in connection with the Applestein Suit until July 2021. *See* dkt. 69 at 2. These assertions are without merit for the five following reasons.

**1. Waiver is Inapplicable Where the Claim is Excluded from Coverage.**

"'[W]here the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions), the doctrine of waiver is simply inapplicable.'" *Checkrite Ltd., Inc. v. Illinois Nat. Ins. Co.*, 95 F. Supp. 2d 180, 190 (S.D.N.Y. 2000) (quoting *Albert J. Schiff Assoc. v. Flack*, 51 N.Y.2d 692, 698 (1980)). *See also Steadfast Ins. Co. v. Stroock & Stroock & Lavan LLP*, 277 F. Supp. 2d 245, 254 (S.D.N.Y. 2003) ("[T]he doctrine of waiver is inapplicable where the defense at issue is the existence or nonexistence of coverage."), *aff'd*, 108 F. App'x 663 (2d Cir. 2004).

The fact that Associated agreed to undertake the Firm's and Kleinhendler's defense of the Applestein Suit subject to a reservation of rights does not "preclude [Associated] from thereafter withdrawing from [defense] the case." *Gelfman v. Capitol Indem. Corp.*, 39 F. Supp. 3d 255, 269 (E.D.N.Y. 2014) (citing *Com. Union Ins. Co. v. Int'l Flavors & Fragrances*, Inc., 822 F.2d 267, 273 (2d Cir. 1987)). Associated expressly reserved all of its rights under the Policy in written and oral communications with its Insureds and their broker several times between August 2019 and June 2020, including an August 22, 2019 letter advising the Insureds to "be aware that we are not waiving any terms, conditions, exclusions or other provisions of the insurance policy issued by AmTrust or any of its affiliates. AmTrust expressly reserves all of its rights under the Policy," and a September 18, 2019 email requesting further information in aid of Associated's investigation of the matter and stating that "[w]hile we continue our investigation, Associated Industries reserves all rights."[1] "[S]uch reservations preclude arguments both as to waiver and to equitable estoppel." *See id.* Because the Court has determined that the Policy's Business Enterprise Exclusion bars any potential coverage for the Applestein Suit, and Associated repeatedly reserved its rights under the Policy, the Insureds cannot rely upon waiver to create coverage or a duty to defend that does not exist under the Policy.

2. **Estoppel cannot create coverage where none exists.**

Under established New York law, it is both the insuring agreement and the exclusions of a policy that define "the scope of the protection afforded." *Albert J. Schiff Assocs.*, 51 N.Y.2d at 697. Further, "as a general rule, estoppel cannot be used to create coverage where none exists." *Federated Dep't Stores, Inc. v. Twin City Fire Ins. Co.*, 807 N.Y.S.2d 62, 67 (App. Div. 2006); *see also Wausau Ins. Companies v. Feldman*, 623 N.Y.S.2d 242, 244 (App. Div. 1995) ("Estoppel may not be used to create coverage where no insurance policy existed."); *Sena v. Nationwide Mut. Fire Ins. Co.*, 637 N.Y.S.2d 485, 486-87 (App. Div. 1996) ("[E]stoppel may not be invoked to create coverage 'where none exists under the policy as written'") (quoting *Neil Plumbing & Heating Const. Corp. v. Providence Wash. Ins. Co.*, 508 N.Y.S.2d 580, 582 (App. Div. 1986). Because the Policy as written does not afford coverage for the Applestein Suit, coverage cannot be created by estoppel.

3. **Associated had no duty to defend, and did not assume the Insureds' defense, before issuing its June 19, 2020 disclaimer letter.**

An exception to the rule against creating coverage by estoppel may apply where an insurer who undertakes the defense of an insured unreasonably delays in disclaiming coverage and the

---

[1] In addition, in February 2020, Associated orally advised the Insured and its broker that Associated was reviewing coverage issues regarding the capacity in which Kleinhendler acted as alleged in the Applestein Suit and that Associated would be issuing a reservation of rights. Shortly thereafter, the Applestein Suit was transferred from Florida to New York and proceedings came to a halt due to the COVID pandemic. A scheduling conference was set for June 3, 2020, after which the court directed the Firm and Kleinhendler to submit a letter requesting a pre-motion conference on their anticipated motion to dismiss by June 19, 2020. Associated issued a detailed letter to its Insureds on June 19, 2020, disclaiming coverage for aspects of the Claim (including on the basis of operation of the Business Enterprise Exclusion), reserving Associated's "right to disclaim coverage of this matter in its entirety to Wachtel and/or Kleinhendler," and agreeing to "defend Wachtel and Kleinhendler under a reservation of rights" through defense counsel selected by the Firm.

defense offered by the insurer during that period prejudices the insured (*see Int'l Flavors*, 822 F.2d at 274), but estoppel does not apply here because Associated did not assume the defense of the Firm or Kleinhendler without a reservation of rights.

As an initial matter, the Policy is subject to a $100,000 per Claim Self-Insured Retention ("SIR"). *See* Policy at Declarations. The Insuring Agreement provides that Associated "shall pay **Damages** and **Claim Expenses,** in excess of the Self-Insured Retention identified in the Declarations, if applicable, and subject to the Policy's Limit of Liability, that the **Insured** shall become legally obligated to pay as a result of a **Claim** made against the **Insured** for a **Wrongful Act** . . . ." *See id.* at § I.A. The Policy's defense provision further provides that "[a]s part of and subject to the Policy's Limit of Liability, [Associated] shall have the right and duty to defend any **Claim** against the **Insured** to which this Policy applies." *See id.* at § I.C. As it relates to operation of the SIR, the Policy states that "the **Insured** will pay all **Claim Expenses** and **Damages** up to the Each Claim amount . . . as a condition precedent to payment of any **Claim Expenses** or **Damages** by [Associated] hereunder."

Because satisfaction of the applicable SIR is a condition precedent to coverage under the Policy, Associated's obligations under the Policy, including any duty to defend or timely disclaim coverage, did not arise until the SIR had been satisfied.[2] The $100,000 SIR applicable to the Applestein Suit was not satisfied until approximately May 2021. Therefore, Associated's June 19, 2020 disclaimer letter was issued well before Associated had any obligations under the Policy. *See U.S. Specialty Ins. Co. v. Harleysville Worcester Ins. Co.*, No. 20 CIV. 7691 (SLC), 2021 WL 4043457, at *12 (S.D.N.Y. Sept. 3, 2021) (where policy had a $100,000 SIR, the insurer "has no duty to defend the Owner in the Underlying Action until the Owner has paid $100,000 in defense costs."); *Bausch & Lomb Inc. v. Lexington Ins. Co.*, 414 F. App'x 366, 370-71 (2d Cir. 2011) (Because, "[u]nder New York law, an insurer has no duty to defend if conditions precedent are not met" the insurer "has no duty to defend . . . claims for which [the insured] did not satisfy the Retained Limits."). Because Associated did not assume the defense of the Firm or Klienhendler without a reservation of rights, Associated cannot be estopped from denying coverage or withdrawing from the defense of the Applestein Suit.

**4. Associated Did Not Unreasonably Delay in Disclaiming Coverage.**

"It is perfectly reasonable that the insurer verify the surrounding facts so that, if it chooses to disclaim, it does so on the basis of concrete evidence." *Mount Vernon Fire Ins. Co. v. Harris*, 193 F. Supp. 2d 674, 678 (E.D.N.Y. 2002). Contrary to the Firm's assertions, the initial demand letter provided to Associated identified Kleinhendler as an "organizer" and shareholder of Virginia True and did not allege whether he acted as "an officer, director, partner, trustee or employee" of Virginia True. Moreover, Associated can hardly be faulted for taking time to investigate the true

---

[2] "A SIR differs from a deductible in that a SIR is an amount that an insured retains and covers before insurance coverage begins to apply. Once a SIR is satisfied, the insurer is then liable for amounts exceeding the retention." *In re Sept. 11th Liab. Ins. Coverage Cases*, 333 F. Supp. 2d 111, 124 n.7 (S.D.N.Y. 2004). Where a policy contains a self-insured retention, "the insured assumes the obligation of providing itself a defense until the retention is exhausted." Allan D. Windt, 3 *Insurance Claims and Disputes* § 11:31, Self-insured retention (6th ed.). A "duty to defend is not owed under a policy containing a self-insured retention until the retention is exhausted." *See id.*

relationships between the various individuals and entities involved in the complex real estate transactions at issue in the Applestein Suit, and the multiple interrelated legal proceedings, before making its coverage determination. *See Public Serv. Mut. Ins. Co. v. Harlen Hous. Assocs.*, 777 N.Y.S.2d 438, 440 (App. Div. 2004) ("It is reasonable for an insurer to investigate before deciding to disclaim. This allows the disclaimer to be based on 'concrete evidence' and avoids 'piecemeal disclaimers'") (internal citations omitted). Further, Associated reserved its rights in writing in August and September of 2019, and orally advised the Firm and its broker in February 2020 that it would be issuing a reservation of rights, which was approximately two months after the Applestein Suit was filed. Finally, given the change in venue and delay in proceedings due to the COVID pandemic, Associated's June 19, 2020 disclaimer letter – issued the same day the Firm and Kleinhendler were due to file their letter requesting a pre-motion conference on their anticipated motion to dismiss, and long before the SIR (a condition precedent to coverage) was satisfied – was hardly unreasonably delayed.[3]

**5. Even If There Were an Unreasonable Delay, the Insureds Were Not Prejudiced.**

Contrary to the assertions of the Firm and Kleinhendler, prejudice is not presumed from a delay in disclaiming coverage. *See Corcoran v. Abbott Sommers, Inc.*, 533 N.Y.S.2d 511, 513 (App. Div. 1988) (delay alone is insufficient to estop a disclaimer of coverage). Because estoppel "has as its basis the detrimental reliance suffered by the insured. . . , an estoppel will lie only if the insured has demonstrated that it has been prejudiced by the insurance carrier's actions." *Phila. Indem. Ins. Co. v. City of New York*, No. 09 CIV. 10432 PGG, 2011 WL 1237586, at *7 (S.D.N.Y. Mar. 24, 2011) (quoting *Nat'l Indem. Co. v. Ryder Truck Rental, Inc.*, 646 N.Y.S.2d 169, 170 (App. Div. 1996)). Moreover, "[p]rejudice cannot be presumed" where the insurer "issued a reservation of rights upon first receiving notification of" the claim. *Adams v. Chicago Ins. Co.*, 49 F. App'x 346, 350 (2d Cir. 2002).

"Prejudice is established only where the insurer's control of the defense is such that the character and strategy of the lawsuit can no longer be altered." *Federated Dep't Stores, Inc.*, 807 N.Y.S.2d at 68. Indeed, "the Court of Appeals has only found estoppel in cases where, by the time the insurer attempted to avoid liability under the policy, the underlying litigation against the insured had reached a point where the course of the litigation had been fully charted." *206-208 Main St. Assocs., Inc. v. Arch Ins. Co.*, 965 N.Y.S.2d 31, 34 (App. Div. 2013). Where, as here, "there is a disclaimer, or denial of coverage, in time for the insured to have a full opportunity to join in the defense of the action there is no estoppel in the absence of a showing that the delay in notification prejudiced the rights of the insured." *Caprari v. Hartford Acc. & Indem. Co.*, 330 N.Y.S.2d 206, 214 (Sup. Ct. 1972).

Associated issued its coverage disclaimer and reservation of rights the same day that the Insureds were due to file a letter seeking a pre-motion conference on their anticipated motion to dismiss. Thus, there can be no doubt that they were advised of Associated's disclaimer with

---

[3] While Kleinhendler contends that he was unaware of Associated's June 19, 2020 letter, the Policy provides that "the **Named Insured** agrees to act on behalf of every **Insured** with respect to . . . the giving and receiving of any notice provided for by the terms and conditions of this Policy." Thus, Associated's notice of disclaimer to the Firm constitutes notice to every Insured under the Policy.

sufficient time to join in the defense of the Applestein Suit or reject Associated's offer of a defense subject to a reservation of rights. Their references to events that occurred *after* they were: (1) on notice of Associated's disclaimer, and (2) accepted Associated's defense subject to a reservation of rights, are simply irrelevant to the question of whether they were prejudiced by any delay in Associated's disclaimer of coverage. In addition, not only did the Insureds select their own defense counsel, but the Firm continues to be represented by the very same counsel today, more than two years after Associated's disclaimer of coverage.[4] *See Federated Dep't Stores,* 807 N.Y.S.2d at 68 (No prejudice to the insured to support estoppel where the insured was represented by the same firm before the insurer began to defend, and after the insurer disclaimed coverage, and the insurer's "control" of the defense amounted to little more than "requesting status reports [and] paying for a portion of [the] defense").

In addition, by operation of an endorsement, the Policy provision giving Associated the right to control settlement is deleted and replaced, in pertinent part, by the following:

> **Consent to Settle.** The **Insured** shall make or cause to be made such investigation and defense as reasonably necessary and, subject to prior written authorization by the **Company**, may effect settlement. The **Company** will reimburse the **Insured** for **Claim Expenses** and **Damages** in excess of the applicable Retention as set forth in the Declarations, if any, and subject to the applicable Limits of Liability set forth in the Declarations. The **Company** shall have the right to make any separate investigation it deems necessary and, with the written consent of the **Insured**, make any settlement of a **Claim** covered by this Policy.

*See id.* at End. "Coverage Enhancements for Preferred Risks Lawyers," ¶ 3. Thus, not only was Associated powerless to settle the Applestein Suit without the Insured's written consent, but the Insured has and had primary responsibility for making "such investigation and defense as reasonably necessary" and could effect settlement with Associated's prior authorization. Accordingly, to the extent that Associated participated in any settlement discussions at any time, it cannot give rise to an estoppel because the Insureds never relinquished control over settlement decisions to Associated.

### Conclusion

As the foregoing demonstrates, there is no factual or legal support for the Firm's or Kleinhendler's affirmative defenses of waiver or estoppel (or laches).

Respectfully submitted,

April H. Gassler

cc: All Counsel of Record (via CM/ECF)

---

[4] Kleinhendler continued to be represented by the same defense counsel until March 2021, when he requested to be represented by separate counsel from that of the Firm.