UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASSOCIATED INDUSTRIES INSURANCE
COMPANY, INC.,

                    Plaintiff,

      -against-

WACHTEL MISSRY LLP and HOWARD
KLEINHENDLER,

                  Defendants.

Civ. No. 1:21-cv-03624-LGS

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WACHTEL MISSRY LLP'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)

## I.   <u>INTRODUCTION</u>

Defendant Wachtel Missry LLP's (the "Firm's") Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [dkt. 75 (the "Motion for Reconsideration")] is baseless and should be denied for two primary reasons: (1) it is untimely; and (2) it is an improper attempt to take a second bite at the proverbial apple in opposing the Motion for Judgment on the Pleadings [dkt. 51 (the "Rule 12(c) Motion")] filed by Plaintiff Associated Industries Insurance Company ("Associated") and already granted by the Court.  More specifically, because the Court's Opinion and Order dated September 8, 2022 [dkt. 67 (the "MJP Order")], granting Associated's Rule 12(c) Motion is a non-final order, it is not a "judgment" to which Federal Rule 59(e) applies. Therefore, any motion for reconsideration of the MJP Order is governed by Local Civil Rule 6.3, which requires that such motion be filed within 14 days.  Accordingly, the Firm's motion, filed 28 days after the MJP Order was entered, is untimely.  Moreover, because the Firm's Motion for Reconsideration seeks to relitigate issues previously presented to the Court and raises arguments not previously presented to the Court in connection with the Rule 12(c) Motion that could have been made at that time, its Motion for Reconsideration is improper and should be denied.

## II.   <u>THE FIRM'S MOTION FOR RECONSIDERATION IS UNTIMELY</u>

The MJP Order, granting Associated's Rule 12(c) Motion is a non-final order, as evidenced by the pending cross-motions for summary judgment as to certain affirmative defenses.  Rule 59(e) of the Federal Rules of Civil Procedure (the "Federal Rules") applies only to reconsideration of "judgments," which Federal Rule 54 defines to mean "a decree and any order from which an appeal lies," i.e., a final judgment or immediately appealable interlocutory order. *See* F.R.C.P. 54(a) and 59(e); *McCowan v. Sears, Roebuck & Co*., 908 F.2d 1099, 1103 (2d Cir. 1990) (Federal Rule 59(e) applies to "final judgments" and appealable interlocutory orders); *Ningbo Mizhihe I&E Co. v. Does 1-200*, No. 19 CIV. 6655, 2020 WL 8838036, at *1 (S.D.N.Y. June 19, 2020) ("Rule 59 applies

only to final judgments, defined by Rule 54 as "any order from which an appeal lies," Fed. R. Civ. P. 54(a)[.]"). Because the MJP Order granted Associated's Rule 12(c) Motion as to its Third Claim for Relief, "subject to the affirmative defenses," it is not a final, appealable order that fully resolves all claims in this action. Accordingly, the MJP Order is not a "judgment" as defined in the Federal Rules and Federal Rule 59(e) is inapplicable here.

Where Federal Rule 59(e) is inapplicable, Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules") governs the time for filing a motion for reconsideration. Local Civil Rule 6.3 provides as follows:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

Local Civ. R. 6.3. Because the MJP Order was entered on September 8, 2022, by operation of Local Civil Rule 6.3, any motion for reconsideration was due to be filed no later than September 21, 2022. Accordingly, the Firm's Motion for Reconsideration, filed on October 6, 2022, is untimely and therefore should be denied.

## III. THE FIRM HAS NOT IDENTIFIED ANY VALID GROUNDS FOR RECONSIDERATION

Even if the MJP Order were the proper subject of a motion for reconsideration pursuant to Federal Rule 59(e), or were otherwise deemed timely, the Firm has failed to identify any basis upon which reconsideration could or should be granted. "A motion for reconsideration should be granted *only* when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted) (emphasis added). The standard for granting a motion for

reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). "The motion to reconsider cannot properly advance new facts, issues or arguments not previously presented to the court," *Smith v. City of New York*, 1 F. Supp. 3d 114, 123 (S.D.N.Y. 2013) (internal quotation marks omitted), because it is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," *Analytical Surveys, Inc.*, 684 F.3d at 52.

Contrary to the Firm's assertions, the Court made no error of law, and the Firm will not suffer any manifest injustice from the MJP Order because: (1) the Firm's Counterclaim was the subject of Associated's Rule 12(c) Motion, (2) the Firm could have, but failed to argue that any of its affirmative defenses raised issues of triable fact that precluded granting Associated's Rule 12(c) Motion and it cannot raise new arguments by way of a motion for reconsideration; (3) the Firm's affirmative defenses of waiver, estoppel, or laches are completely devoid of any supporting factual allegations and therefore fail to raise a triable issue of fact that could preclude judgment on the pleadings in Associated's favor; and (4) the Court has already considered and rejected the Firm's argument that the issue of Associated's duty to indemnify is not ripe for resolution. Accordingly, to the extent the Firm's Motion for Reconsideration is deemed to be timely, it nevertheless should be denied due to the absence of any error of law or manifest injustice.

**A.    The Firm's Counterclaim was the Subject of Associated's Rule 12(c) Motion**

The Firm argues, contrary to the record in this action, that its Counterclaim was beyond the scope of Associated's Rule 12(c) Motion. [*See* the Firm's Brief in Support of its Motion for Reconsideration [dkt. 76] ('the "Firm's Brief") at 4, 7.] The implication appears to be that the Court's ruling on the Firm's Counterclaim in the MJP Order was unexpected and the Firm was not

on prior notice of the need for it to come forward with any defenses that could save its Counterclaim from dismissal.  However, Associated's Rule 12(c) Motion expressly sought, among other things, dismissal of "the Counterclaim filed by Defendant Wachtel Missry LLP (the "Firm") [dkt. 30], with prejudice."  [*See* dkt. 51 at 1.]  In its supporting brief, Associated reiterated the relief sought by way of the Rule 12(c) Motion as follows: "Associated respectfully requests that the Court enter a judgment on the pleadings, dismissing the Firm's Counterclaim [dkt. 30] in its entirety, and in favor of Associated on Count Three of its Complaint [dkt. 1]."  [*See* dkt. 51-1 at 2. *See also id.* at 22 ("Associated respectfully requests that the Court dismiss the Firm's Counterclaim [dkt. 30] in its entirety, with prejudice, and enter a judgment in favor of Associated in connection with its Third Claim for Relief in the Complaint [dkt. 1].").]  Thus, Associated's Rule 12(c) Motion clearly addressed the Firm's Counterclaim and did not "solely concern[] the relief that [Associated] requested in its Complaint."  [*See* Firm's Br. at 4.]

Moreover, the Firm's "counterclaim seeking a declaration as to [Associated's] duty to defend" is the inverse of the declaratory relief Associated sought in its Rule 12(c) Motion.  Thus, because Associated's Rule 12(c) Motion and supporting brief both expressly addressed the Firm's Counterclaim and sought a judicial declaration that Associated has no duty to defend the underlying Applestein Lawsuit, "[d]ismissal of the [Firm's] counterclaim seeking a declaration as to [Associated's] duty to defend" ***was indeed*** "the subject of briefing on [Associated's] Rule 12(c) Motion."  [*See id.* at 7.]  Accordingly, the Firm's assertion that adjudication of its Counterclaim was beyond the scope of Associated's Rule 12(c) Motion is patently untrue.

### B.    The Court Has Considered and Rejected the Firm's Argument that Resolution of its Counterclaim Regarding Associated's Duty to Indemnify Is Not Yet Ripe

In the Firm's Brief in Opposition to Associated's Rule 12(c) Motion, it argued that "[a]ny ruling on [Associated's] obligation to indemnify the Firm would be premature."  [*See* Dkt. 57 at

21 ("Firm's Opposition").]   Just as it argues in its Motion for Reconsideration, in the Firm's

Opposition, it contended that "'[c]laims concerning indemnification obligations . . . are not ripe

for adjudication' while a policyholder's liability is being litigated in an underlying lawsuit."   [*See*

*id.* (quoting *Brotherhood Mut. Ins. Co. v. Ludwigsen*, No. 16-CV-6369, 2018 WL 4211319, at *17

(S.D.N.Y. Sept. 4, 2018).]   The Firm raised this ripeness argument as it relates to the issue of

whether Associated has any duty to indemnify in the Firm's Opposition.   However, the Court

rejected this argument in holding that the entire Counterclaim was rendered moot by the MJP

Order.[1]   Therefore, the Firm's Motion for Reconsideration as to its counterclaim regarding

Associated's duty to indemnify should be denied as an impermissible effort to relitigate an issue

the Court has already decided.

### C.   The Firm's Failure to Raise any of its Affirmative Defenses as a Basis for Denying Associated's Rule 12(c) Motion Precludes Reconsideration

Where, as here, a plaintiff has demonstrated its right to the relief it seeks on a motion for

judgment on the pleadings, "[t]o defeat such a claim, it is incumbent upon the defendant 'to raise

a triable issue of fact as to a bona fide defense to the action.'"[2]   *CIT Bank, N.A. v. Neris*, 385 F.

Supp. 3d 241, 244 (S.D.N.Y. 2019) (quoting *Kondaur Cap. Corp. v. Cajuste*, 849 F. Supp. 2d 363,

369 (E.D.N.Y. 2012)).   However, it failed to raise any triable issue of fact as to any of its

affirmative defenses in the Firm's Opposition to Associated's Rule 12(c) Motion.   [*See* dkt. 57.]

---

[1] The Court made no error of law in so doing.  *See Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 262 (S.D.N.Y.) (rejecting ripeness argument because a court may declare that an insurer has no duty to indemnify when the lack of such duty is apparent for the same reason there is no duty to defend), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013).

[2] This is because, when a plaintiff moves for judgment on an entire claim, the plaintiff is necessarily also moving for judgment on any affirmative defenses to that claim.  Thus, to avoid the entry of judgment in the plaintiff's favor, it is incumbent upon the defendant to raise any affirmative defenses that, if ultimately successful, would defeat the claim. *See, e.g.*, *Assessment Techs. Inst., LLC v. Parkes*, Case No. 19-2514, 2022 WL 1102461, at *1 (D. Kan. 2022) (citing *United Cent. Bank v. Wells St. Apts., LLC*, 957 F. Supp. 2d 978, 987-88 (E.D. Wis. 2013), *aff'd sub nom. United Cent. Bank v. KMWC 845, LLC*, 800 F.3d 307 (7th Cir. 2015)); *Bakov v. Consol. World Travel, Inc.*, No. 15 C 2980, 2020 WL 10963926, at *2 (N.D. Ill. Apr. 21, 2020) ("When a plaintiff moves for judgment as a matter of law on an entire claim, he implicitly contends there is no genuine dispute about any fact material to the defendant's affirmative defenses.").

As noted above, a "motion to reconsider cannot properly advance new facts, issues or arguments not previously presented to the court." *Smith*, 1 F. Supp. 3d at 123. Here, the Firm now argues that, because its counterclaim seeking a declaration as to Associated's duty to defend could be successful *if the Firm were to prove its waiver or estoppel defenses*, that counterclaim should not have been dismissed as moot. [*See* dkt. 76 at 7.] However, in the Firm's Opposition, it never argued that, notwithstanding application of the Policy's Business Enterprise Exclusion, Associated could nevertheless have a duty to defend if the Firm were to prove one or more of its affirmative defenses. Because the Firm could have raised any of its affirmative defenses as a basis for denying the relief sought in Associated's Rule 12(c) Motion and failed to do so, the Firm has waived such arguments[3] and cannot raise them now on reconsideration. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc*., 265 F.3d 97, 115 (2d Cir. 2001) (arguments raised for the first time on reconsideration are untimely); *In re Santoli*, 627 B.R. 595, 600 (Bankr. S.D.N.Y. 2021) ("'[A] party cannot use a Rule 59(e) motion to cure its own procedural failures or . . . advance arguments that could and should have been presented originally to the court.'") (quoting *In re CPJFK, LLC*, 496 B.R. 65, 67 (Bankr. E.D.N.Y. 2011)). Whether the Firm now seeks to raise its affirmative defenses to oppose Associated's request for judgment in its favor as to the Complaint's Third Cause of Action, or Associated's request for dismissal of the Firm's Counterclaim, such arguments could and should have been made in the Firm's Opposition because both were the subject of Associated's Rule 12(c) Motion. Accordingly, the Firm's Motion for Reconsideration should be denied because the Firm seeks to raise new arguments that could have been, but were not raised with the Court in the Firm's Opposition.

---

[3] *See Oneida Indian Nation v. Phillips*, 397 F. Supp. 3d 223, 232 (N.D.N.Y. 2019) (holding that defendants abandoned any affirmative defenses not raised in their motion papers on plaintiff's Rule 12(c) motion), *aff'd*, 981 F.3d 157 (2d Cir. 2020); *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, No. 02 C 4474, 2003 WL 22282385, at *1, n.1 (N.D. Ill. Sept. 30, 2003) (affirmative defenses of waiver, estoppel and laches waived where defendant failed to raise them in opposition to plaintiff's motion for judgment on the pleadings), *aff'd*, 378 F.3d 596 (7th Cir. 2004).

D.     **The Affirmative Defenses of Waiver, Estoppel, and Laches Do Not Preclude Judgment on the Pleadings in Favor of Associated In Any Event**

Even if the Firm had raised its affirmative defenses of waiver or estoppel (or laches to the extent the Firm continues to advance such defense) in the Firm's Opposition to Associated's Rule 12(c) Motion, such efforts would have been unavailing. This is because affirmative defenses that "do not raise any issues of material fact that, if true, would bar the recovery sought by Plaintiff" are insufficient to overcome a plaintiff's motion for judgment on the pleadings. *See Oneida Indian Nation*, 397 F. Supp. 3d at 232. "The Second Circuit has determined that 'the plausibility standard of [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)] applies to determining the sufficiency of . . . the pleading of an affirmative defense.'" *Silva v. Hornell Brewing Co.*, No. 20-CV-756, 2020 WL 8079823, at *2 (E.D.N.Y. Dec. 1, 2020) (adjudicating Rule 12(f) motion and quoting *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019)).[4] "Defendants must therefore 'support the[ir] defenses with some factual allegations to make them plausible.'" *Id.* (quoting *GEOMC Co.*, 918 F.3d at 99). *See also Pristine Jewelers NY, Inc. v. Broner*, 492 F. Supp. 3d 130, 133 (S.D.N.Y. 2020) ("In federal court, a defendant must plead some facts in support of its affirmative defense."); *Lee v. Canada Goose US, Inc.*, No. 20 CIV. 9809 , 2021 WL 6881256, at *2 (S.D.N.Y. Oct. 19, 2021) ("[B]oilerplate allegation[s] that 'Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of laches, unclean hands, waiver, and/or estoppel'" must be supported "with some factual allegations to make them plausible.") (adjudicating plaintiff's motion to strike pursuant to Rule 12(f)).

---

[4] "'The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim.'" *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2d Cir. 2001)). Similarly, the standard by which motions to strike pursuant to Rule 12(f) and motions to dismiss pursuant to Rule 12(b)(6) "'are evaluated are mirror images.'" *Pristine Jewelers NY, Inc. v. Broner*, 492 F. Supp. 3d 130, 132 (S.D.N.Y. 2020) (quoting *Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*, 407 F. Supp. 2d 541, 546 (S.D.N.Y. 2006)). Accordingly, the pleading standards required to resist a motion to strike an affirmative defense pursuant to Rule 12(f) are equally applicable where a defendant seeks to rely upon an affirmative defense as a basis for resisting a motion for judgment on the pleadings pursuant to Rule 12(c).

The Firm's Second Affirmative Defense – which it now contends could save its counterclaim regarding Associated's duty to defend from being rendered moot by operation of the MJP Order [*see* dkt. 76 at 4, 6-7] – states as follows: "The Plaintiff's claim is barred, in whole or in part, by the statute of limitations, the doctrines of laches, waiver, and/or equitable estoppel." [*See* dkt. 30.] "Laches is established where (1) the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and (2) the delay operated to the prejudice or injury of the defendant." *Pecorino v. Vutec Corp.*, 6 F. Supp. 3d 217, 221 (E.D.N.Y. 2013) (quotation omitted). "In order to establish waiver, 'plaintiff must present evidence from which the defendant's intent to relinquish the protection of the [contractual right at issue] can be reasonably inferred.'" *Endemann v. Liberty Ins. Corp.*, 390 F. Supp. 3d 362, 376 (N.D.N.Y. 2019) (quotation omitted). "Estoppel requires proof that the insured has suffered prejudice by virtue of the insurer's conduct." *See id.* at 374.

However, the Firm's Second Affirmative Defense as pleaded provides no factual support whatsoever for its asserted defenses of laches, waiver, or estoppel. Nowhere in its Answer and Counterclaim does the Firm assert that Associated unreasonably delayed in bringing this action, as would be necessary to support a defense of laches. The Firm similarly fails to allege that it suffered any prejudice due to Associated's conduct, as would be necessary to support both a defense of laches and a defense of estoppel. Finally, the Firm fails to allege that Associated intentionally relinquished any contractual right, as would be necessary to support a defense of waiver. Because the Firm's Second Affirmative Defense does not contain sufficient factual allegations to state a defense that is plausible on its face, such defense cannot defeat Associated's Rule 12(c) Motion. *See Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996) ("Affirmative '[d]efenses which amount to nothing more than mere conclusions of law and

are not warranted by any asserted facts have no efficacy.'") (quoting *Nat'l Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D.Wis.1994)); *28th Highline Associates, L.L.C. v. Roache*, No. 18 Civ. 1468, 2019 WL 917208, at *8 (S.D.N.Y. Feb. 25, 2019) (where defendant's answer, affirmative defenses, and counterclaims do not include factual material to state a "plausible" claim to relief, plaintiff's motion for judgment on the pleadings should be granted); *Haxhe Props., LLC v. Cincinnati Ins. Co.*, Case No. 3:20-cv-01594, 2021 WL 2291101, at *3 (D. Conn. Jun. 4, 2021) ("[T[he Court agrees . . . that the Defendant's assertion that 'Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel' is too conclusory to meet the applicable pleading standard."); *RLI Ins. Co. v. City of Visalia*, 297 F.S upp. 3d 1038, 1059 (E.D. Cal. 2018) (affirmative defenses of waiver and estoppel cannot defeat insurer's motion for judgment on the pleadings where defendant's answer and affirmative defenses fail to allege any facts that "show misconduct or detrimental reliance").

Thus, the Court did not err in holding that the Firm's Counterclaim is moot and the Firm's Motion for Reconsideration of the dismissal of its counterclaim regarding Associated's duty to defend should be denied.

**E.    If the Court Erred, It Was in Holding that Any of the Firm's Affirmative Defenses Were Beyond the Scope of Associated's Rule 12(c) Motion**

Although none of the Parties expressly addressed any of Defendants' affirmative defenses in their briefing on Associated's Rule 12(c) Motion, the Court properly considered such defenses in the MJP Order.   [*See* dkt. 67 at 13-14.]   It was appropriate for the Court to consider the affirmative defenses *sua sponte* because "[o]n a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'"  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

Accordingly, none of the affirmative defenses asserted in either of the Defendants' Answers were "beyond the scope of this motion for judgment on the pleadings." [*See* Dkt. 67 at 14.]  For the reasons set forth above, should the Court be inclined to reconsider the MJP Order to correct any error of law, it should hold that Defendants waived any affirmative defenses not raised in their briefing on Associated's Rule 12(c) Motion and/or that their affirmative defenses fail to raise any triable issues of fact as necessary to avoid the entry of a judgment in Associated's favor.

## IV.    CONCLUSION

As the foregoing demonstrates, the Firm's Motion for Reconsideration should be denied because it is untimely.  Moreover, the Firm's motion should be denied because it rehashes arguments it previously raised and which the Court rejected and it impermissibly seeks to raise new arguments that it could and should have made in resisting Associated's Rule 12 (c) Motion. Accordingly, Associated respectfully submits that the Firm's Motion for Reconsideration should be denied.

Dated: October 28, 2022                    Respectfully submitted,

Kim Hoyt Sperduto
S.D.N.Y. Bar No. KS5048
Peter G. Thompson (*pro hac vice*)
April H. Gassler (*pro hac vice* )
SPERDUTO THOMPSON & GASSLER PLC
1050 30th Street, NW
Washington, DC 20007
202-408-8900 (tel)
202-465-8104 (fax)
ksperduto@stglawdc.com
pthompson@stglawdc.com
agassler@stglawdc.com

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 28, 2022, I electronically filed the foregoing Plaintiff's Brief in Opposition to Defendant Wachtel Missry LLP's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) with the Clerk of Court using the CM/ECF e-filing system, and caused the foregoing to be served upon the following counsel of record via the Court's CM/ECF system:

### <u>Counsel for Wachtel Missry LLP</u>

Evan S. Weintraub, Esq.
Wachtel Missry, LLP
885 Second Avenue
New York, NY 10017
212-909-9519
Fax: 212-909-9422
eweintraub@wmllp.com

Jeremy M. King, Esq.
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY 10019
212-451-2300
Fax: 212-451-2222
jking@olshanlaw.com

### <u>Howard Kleinhendler (*Pro Se*)</u>

Howard Kleinhendler, Esq.
369 Lexington Avenue
Ste 12th Floor
New York, NY 10017
917-793-1188
Fax: 732-901-0832
howard@kleinhendler.com

/s/ April H. Gassler
April H. Gassler