HOWARD KLEINHENDLER ESQUIRE
369 LEXINGTON AVENUE, 12TH FLOOR
NEW YORK, NEW YORK 10017
(917) 793-1188
howard@kleinhendler.com
www.kleinhendler.com

November 4, 2022

**VIA ECF FILING**
The Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

      Re:    *Associated Industries Insurance Company, Inc. v. Wachtel Missry LLP, et al.*
             **(Case No. 21 CIV 3624 (LGS))**

Dear Judge Schofield:

      Per the Court's Order dated October 6, 2022 [ECF 77], the undersigned hereby submits that the affirmative defense of estoppel continues to have merit and summary judgment should be granted adjudging that Plaintiff Associated Industries Insurance Company Inc. must continue to defend and indemnify me in the underlying Applestein litigation. Further, Associated's motion for summary judgment should be denied.

      The October 6 Order instructs the parties to "jointly file all communications between Plaintiff and Defendants referenced in the parties' above-mentioned filings or otherwise pertaining to the resolution of the motion." [ECF 77]. The only communication between Plaintiff and the undersigned was a request on or about July 7, 2021, to accept service of the Complaint in this case. [ECF 21]. No other email, correspondence or communication has taken place between Plaintiff and me related to the instant motions. Notably, at no time prior to July 7, 2021, did Plaintiff ever communicate to me that it was reserving its rights to defend me in the Applestein litigation. Prior to this litigation, I had never seen the reservation of rights letter to Wachtel Missry LLP dated June 19, 2020.

      I raised this issue in my submission of September 15, 2022 [ECF 69], and Plaintiff did not deny it in its response. [ECF 71]. Thus, there is no dispute, that between August 2019, when Applestein threatened litigation, and July 7, 2021, Plaintiff did not present me with a reservation of rights letter.

  Further, during this time, Plaintiff controlled the defense through its directions to counsel on how to manage the case. Specifically, Plaintiff instructed my defense counsel not to make a motion to transfer the *Applestein* case to the ongoing Virginia True bankruptcy proceeding in the Eastern District of New York (*In re Virginia True*, 19-42769-nhl). There is no dispute that Diatomite Corporation, a plaintiff in the Applestein suit, has filed a proof of claim there and any recovery on that proof of claim would be an offset to any recovery sought in the Applestein litigation. *See, e.g., Applestein v. Kleinhendler*, 2020 U.S. Dist. LEXIS 38715 (SD Fla. Mar 4, 2020) (transferring case to EDNY because Diatomite had filed proof of claim in Virginia True bankruptcy). Consolidating the Applestein litigation with the bankruptcy proceeding would have provided me with efficiencies of having all related matters heard in the bankruptcy court, and afford me the opportunity to structure Virginia True reorganization matters in a way that would include the Applestein litigation.[1]

  In my submission of September 15, I mentioned that Plaintiff controlled my defense counsel with regard to "strategic decisions regarding motions relating to VA True's bankruptcy proceeding." [ECF 69 at 2]. Plaintiff did not deny this in its response of September 22. [ECF 71]. Thus, there is no dispute that: 1) Plaintiff did not provide me with a reservation of rights letter for 23 months;[2] and 2) I suffered prejudice from Plaintiff's control of my defense.

  Under these circumstances, Plaintiff is liable for my defense and indemnity in the Applestein litigation. *Bluestein & Sandler v. Chi. Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002).

            Respectfully submitted,

            *Howard Kleinhendler*

            Howard Kleinhendler

cc: All Counsel of Record (via ECF)

---

[1] I am 50% owner of Virginia True Corporation's stock, its Executive Vice President, and a member of its two-person Board of Directors.

[2] Plaintiff argues that its June 19, 2020 letter to Wachtel Missry was valid as notice to me even though I was no longer a member of the firm. [ECF 77 at 4 n.3]. Even is this were valid notice, it still came almost seven months after Applestein filed suit in December 2019. New York courts have held that a delay of even two months is inexcusable. *Hartford Ins. Co., v. County of Nassau*, 46 N.Y.2d 1028, 1030, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979) (holding that an unexplained two month delay in disclaiming coverage was unreasonable as a matter of law).