| | |
|---|---|
| **From:** | Maria Trigueros on behalf of Maria Trigueros |
| **Sent on:** | Friday, June 19, 2020 1:46:21 PM |
| **To:** | WEINTRAUB@wmllp.com |
| **CC:** | Amy Breazeale <Amy.Breazeale@amtrustgroup.com> |
| **Subject:** | RE; Insured: Wachtel Missry, LLP Claim no. 3141477 |
| **Attachments:** | 2020.06.19 AmTrust Correspondence.pdf (360.12 KB) |

Good afternoon,

Please see the attached claim correspondence in regards to the above noted claim number.

Effective immediately, and for the duration of the current health crisis, we are transitioning to electronic transmission (email) of all outgoing documents. Going forward and until further notice, we will not be transmitting any documents in physical form. This is an emergency procedure designed to provide the most effective form of communication without straining public resources. Included in each electronic transmission will be a "read receipt" request. Please acknowledge receipt of this electronic transmission.

Please feel free to contact the adjuster listed in the attached with any further questions or concerns.

Thank you

*M. Patty Trigueros*
Claims Assistant
Amtrust North America
233 North Michigan Ave. Suite 1200
Chicago, IL 60601
312.577.7310  office
Maria.Trigueros@amtrustgroup.com
www.amtrustgroup.com

Please note that until further notice all correspondence should be sent electronically, as our offices are not staffed to receive physical mail.

CONFIDENTIAL
AIIC02582



June 19, 2020

<u>Via Email</u>

Mr. Evan Weintraub
Wachtel Missry LLP
One Dag Hammarskjold Plaza
885 Second Avenue
New York, NY 10017
WEINTRAUB@wmllp.com

|  |  |  |
|---|---|---|
| Re: | Insured: | Wachtel Missry, LLP |
|  | Claimants: | Allan H. Applestein, an individual and Diatomite Corporation of America, a Maryland Corporation |
|  | Claim No.: | 3141477 |
|  | Policy No.: | AES1058242 01 |
|  | Policy Period: | October 19, 2018 – October 19, 2019 |

Dear Mr. Weintraub,

    AmTrust North America is the claims administrator for Associated Industries Insurance Company, Inc., ("Associated"), the professional liability carrier for Wachtel Missry, LLP, ("Wachtel") and we received a lawsuit, entitled Allan H. *Applestein, an individual and Diatomite Corporation of America, a Maryland Corporation  v. Howard Kleinhendler, an individual, and Wachtel Missry LLP, a limited liability partnership,* which has been filed against Wachtel Missry LLP and Howard Kleinhendler, in the United States District Court in and for the Southern District of Florida, Miami Division, in connection with the above-captioned matter.  It is my understanding that the case has since been transferred to the Eastern District of New York pursuant to an Order of March 3, 2020. Please be advised that we reviewed this matter and determined that portions of it are not covered and the matter in its entirety may not be covered under Wachtel's policy for the reasons set forth below.  Accordingly, Associated hereby disclaims coverage of the claims for: damages related to and to the extent that Mr. Kleinhendler was not providing Professional Services on behalf of Wachtel as required by the terms and conditions of the policy; damages including taxes, fines or penalties, sanctions, whether imposed by law or otherwise, as well as the return of fees and costs, damages relating to disgorgement, future profits, or any further damages specifically excluded by the policy language; punitive damages; based upon or arises out of any actual or alleged dishonest, criminal,

CONFIDENTIAL    AIIC02583

Mr. Evan Weintraub
June 19, 2020
Page 2

intentional, malicious or fraudulent act, error or omission or any willful violation of any statute or regulation by an Insured, if a final adjudication adverse to such Insured establishes such a dishonest, criminal, intentional, malicious or fraudulent act, error or omission or willful violation; any actual or alleged profit, remuneration or advantage to which Wachtel and/or Kleinhendler were not legally entitled, including the disgorgement of any such profit, remuneration or financial advantage by the Insured, and a final adjudication adverse to Wachtel and/or Kleinhendler establishes such conduct; damages related to the extent Kleinhendler may have acted as an officer, director, partner, trustee or employee of a corporation, business enterprise or entity that was not the Named Insured and Associated further reserves its right to disclaim coverage of this matter in its entirety to Wachtel and/or Kleinhendler.

This matter was tendered to Associated on August 21, 2019 and arises out of a presuit demand to Wachtel and Kleinhendler dated August 9, 2019. A lawsuit was thereafter filed in the United States District Court Southern District of Florida, Miami Division on December, 13, 2019. The Complaint against Kleinhendler and Wachtel and DOES 1 through 5, was filed by Allan H. Applestein, an individual and Diatomite Corporation of America, A Maryland Corporation ("Applestein"). Claimants filed an Amended Complaint entitled *Allan H. Applestein, et. al v. Howard Kleinhendler, an individual, and Wachtel Missry LLP, a limited liability partnership* in the United States District Court Southern District of Florida, Miami Division which was subsequently transferred to the Eastern District of New York.

Please note the allegations are not taken as true or accurate but are recited for informational purposes only. The Amended Complaint alleges claims of legal malpractice, breach of fiduciary duty, elder abuse and fraud against both Kleinhendler and Wachtel. Claimants allegedly engaged Wachtel and Kleinhendler as their attorneys in 2010, paying Wachtel a $100,000.00 retainer in December 2010. According to the Amended Complaint, the Defendants continued as counsel until the spring of 2019. Claimants allege that Kleinhendler, while acting in his capacity as a partner of Wachtel, acted as counsel when he had a conflict of interest, and provided false, conflicted and misleading legal advice related to the sale and financing of Claimants' property known as Fones Cliff Land. Such was done allegedly while Kleinhendler knew of Applestein's diminished mental capacity. Furthermore, during what Plaintiffs claim to be a relevant period, Kleinhendler was purportedly aware of the fact that Applestein's family had power(s) of attorney prepared to assist in managing Applestein's affairs.

It is maintained that Kleinhendler acted in this conflict of interest, allegedly taking advantage of Applestein's mental condition, and convincing Mr. Applestein to sell the Fones Cliff Land to Kleinhendler while also obtaining an unsecured loan from Applestein in the amount of $500,000.00. In addition, Kleinhendler supposedly secured investors without advising Applestein, and secured a loan that potentially encumbered the property at issue through a mortgage. The Plaintiffs contend that Kleinhendler's actions were in

direct conflict with Kleinhendler's previous representations to the Plaintiffs made in connection to the purchase of the property. As a result, Plaintiffs maintain that they relied upon Defendants' alleged misrepresentations to their detriment in these transactions, resulting in the damages claimed. Damages sought include compensatory damages in excess of $7,724,200.36, punitive damages, restitution of the "Kleinhendler loan," the imposition of a constructive trust over all assets of Defendants, costs of suit and other such relief as the Court deems just and proper.

Associated issued the Lawyers Professional Liability Insurance Policy, number AES1058242 01 to Wachtel for the period October 19, 2018, to October 19, 2019. The policy is a claims made and reported policy and has a $5,000,000 per claim limit of liability and $5,000,000 in the aggregate with a per claim self-insured retention of $100,000.

First, we refer you to policy form AES PL 005 01 14, at Section I – Insuring Agreements, which state in relevant part:

**THIS IS A CLAIMS MADE AND REPORTED POLICY**

**THIS POLICY IS LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD AND REPORTED TO THE COMPANY IN ACCORDANCE WITH THE TERMS OF THIS POLICY. CLAIM EXPENSES REDUCE THE LIMIT OF LIABILITY. PLEASE REVIEW THIS POLICY CAREFULLY.**

In consideration of the payment of the premium, and the undertaking of the **Insured** to pay the Retention herein, and in reliance upon all statements made and information contained in the **Application**, which is attached hereto and made a part hereof, and subject to the Declarations, limitations, conditions, provisions and other terms of this Policy, the **Company** and the **Insured** agree as follows:

**I. INSURING AGREEMENTS**

    A. The **Company** shall pay **Damages** and **Claim Expenses**, in excess of the Self-Insured Retention identified in the Declarations, if applicable, and subject to the Policy's Limit of Liability, that the **Insured** shall become legally obligated to pay as a result of a **Claim** made against the **Insured** for a **Wrongful Act**, provided that (i) the **Claim** is first made against the **Insured** and reported to the **Company**, in writing, during the **Policy Period** or the Extended Reporting Period, if applicable; (ii) the **Insured** has no knowledge of such **Wrongful Act** prior to the Inception Date of this Policy; and (iii)

Mr. Evan Weintraub
June 19, 2020
Page 4

such **Wrongful Act** took place on or after the **Retroactive Date** set forth in the Declarations Page of this Policy and prior to the end of the **Policy Period**.

The Associated policy affords coverage for claims first made and reported during the policy period. This claim was made August 9, 2019, and reported August 21, 2019, which is within the policy period of October 19, 2018 to October 19, 2019.

Second, "Claim," "Damages," "Insured," and "Wrongful Act" are defined in Section II – Definitions as follows:

## II. Definitions

C. **"Claim"** means a written demand received by the Insured for monetary **Damages** which alleges a **Wrongful Act**, including:

1. the service of suit or any civil proceeding in a court of law or equity, including any appeal therefrom, which is commenced by the filing of a complaint, motion for judgment, or similar pleading;
2. institution of arbitration, mediation or other formal alternative dispute resolution proceeding;
3. any written request to toll or waive a statute of limitations.

A **Claim** for injunctive relief alleging any **Wrongful Act** for which insurance would have been granted under this Policy if **Damages** had been sought, will be considered a **Claim** for the purposes of this Policy, but only the **Claim Expenses** arising therefrom will be covered by this Policy.

\*   \*   \*

G. **"Damages"** means any compensatory sum which the **Insured** becomes legally obligated to pay and includes:

1. monetary judgments or settlements;
2. punitive or exemplary damages to the extent such damages are insurable under the law most favorable to the insurability of such damages of any jurisdiction which has a substantial relationship to the **Insured**, the **Company**, this Policy or the **Claim**;
3. pre-judgement and post-judgment interest.

**"Damages"** shall not include:

1. taxes, fines or penalties, sanctions, whether imposed by law or otherwise (except as provided above with respect to punitive or exemplary damages);
2. the return, reduction or restitution of fees, expenses or costs for **Professional Services** performed or to be performed by the **Insured,** or disgorgement by any **Insured**;
3. matters uninsurable under the law pursuant to which this policy is construed;
4. the cost of correcting, re-performing or completing **Professional Services**;
5. future profits, future royalties, costs of licensing, or other costs of obtaining future use; or the costs to comply with orders granting injunctive relief or non-monetary relief, including specific performance, or any agreement to provide such relief.

\* \* \*

J. "**Insured**" means:

1. the **Named Insured** and any Predecessor Firm designated in the Declarations;

2. any individual or professional corporation who is or becomes a partner, officer, director, stockholder, per diem attorney, independent contract attorney, or employee of the **Named Insured**, but solely while acting within the scope of their duties as such on behalf of the **Named Insured** in rendering **Professional Services**;

3. any individual or professional corporation who is or becomes a partner, officer, director, stockholder, per diem attorney, independent contract attorney, or employee of the **Named Insured**, but solely while acting within the scope of their duties as such on behalf of the **Named Insured** in rendering **Professional Services;**

4. any individual or professional corporation designated "counsel" or "of counsel" to the **Named Insured**, but solely while acting within the scope of their duties as such on behalf of the **Named Insured** for which a fee inures to the **Named Insured**;

V. **"Professional Services"** means: (as Amended by Endorsement)

1. services provided by any **Insured** to others as a lawyer, mediator, arbitrator, notary public or **Lobbyist** but solely for services on behalf of the **Named Insured** or Predecessor Firm designated in the Declarations; or

CONFIDENTIAL

AIIC02587

Mr. Evan Weintraub
June 19, 2020
Page 6

    2. investment advisor activities performed by any **Insured** as an administrator, conservator, receiver, executor, guardian, trustee, but only if the act or omission in dispute is directly related to the rendering of services ordinarily performed as a lawyer, and then only to the extent that such services are on behalf of and inure to the benefit of the **Named Insured** of Predecessor Firm designate in the Declarations. It is agreed that a sublimit of liability of $100,000 shall apply to investment advisor activities and this amount shall be part of and not in addition to the Limit of Liability stated on the Declarations; or

    3. services performed by any **Insured** as an administrator, conservator, receiver, executor, guardian, trustee, or in any other fiduciary capacity, but only if the act or omission in dispute is in the rendering of services ordinarily performed as a lawyer and then only to the extent that such services are on behalf of and inure to the benefit of the **Named Insured** or any Predecessor Firm designated in the Declarations.

\* \* \*

BB. **"Wrongful Act"** means any actual or alleged act, error or omission committed or attempted in the rendering or failing to render **Professional Services, Non-Profit Services** or **Publishing** by any **Insured** on behalf of the **Named Insured**, including but not limited to **Personal Injury**.

\* \* \*

    Associated is only obligated to defend or indemnify an Insured under the policy. Wachtel is the Named Insured, and based on the above policy definitions Kleinhendler qualifies as an Insured, but solely while acting within the scope of Kleinhendler's duties on behalf of Wachtel and to the extent he rendered professional services on behalf of Wachtel. Accordingly, this coverage position as set forth below, applies fully to Mr. Kleinhendler. To the extent that Mr. Kleinhendler was not providing Professional Services on behalf of Wachtel as required by the terms and conditions of the policy, no coverage is available under the policy as set forth in the above-cited provision.

    Furthermore, to the extent that the Plaintiffs seek damages including taxes, fines or penalties, sanctions, whether imposed by law or otherwise as well as the return of fees and costs, damages relating to disgorgement, future profits, or any further damages specifically excluded by the policy language, no coverage is available under the policy as cited above. Please be advised that punitive damages are not insurable in the State of

Mr. Evan Weintraub
June 19, 2020
Page 7

New York, where the policy issued and this matter is venued. In the event damages are sought that are not covered by the policy, Associated reserves the right to disclaim coverage for uncovered damages, and Associated will not indemnify you or otherwise be responsible for any judgment for punitive damages that may be entered against you in this matter.

Third, we refer you to policy form AES PL 005 01 14, at Section III – Exclusions, Paragraph A., which states:

### III. EXCLUSIONS

This Policy shall not apply to any **Damages** or **Claims Expenses** incurred with respect to any **Claim:**

A. based upon or arising out of any actual or alleged dishonest, criminal, intentional, malicious or fraudulent act, error or omission or any willful violation of any statute or regulation by an **Insured,** if a final adjudication adverse to such **Insured** establishes such a dishonest, criminal, intentional, malicious or fraudulent act, error or omission or willful violation.

To the extent any claim is based upon or arises out of any actual or alleged dishonest, criminal, intentional, malicious or fraudulent act, error or omission or any willful violation of any statute or regulation by an Insured, if a final adjudication adverse to such Insured establishes such a dishonest, criminal, intentional, malicious or fraudulent act, error or omission or willful violation, no coverage is available under the policy.

Fourth, we refer you to policy form AES PL 005 01 14, at Section III – Exclusions, Paragraph F., which states in relevant part:

### III. EXCLUSIONS

This Policy shall not apply to any **Damages** or **Claims Expenses** incurred with respect to any **Claim:**

F. based upon or arising out of any gaining by the **Insured** of any profit, remuneration or advantage to which such **Insured** was not legally entitled, including the disgorgement of any such profit, remuneration or financial advantage by the **Insured**, if a final adjudication adverse to such **Insured** establishes such conduct;

Mr. Evan Weintraub
June 19, 2020
Page 8

      To the extent any claim is based upon or arises out of any actual or alleged profit, remuneration or advantage to which Wachtel and/or Kleinhendler were not legally entitled, including the disgorgement of any such profit, remuneration or financial advantage by the Insured, and a final adjudication adverse to Wachtel and/or Kleinhendler establishes such conduct, no coverage is available under the policy.

      Fifth, we refer you to policy form AES PL 005 01 14, at Section III – Exclusions, Paragraph I., which states in relevant part:

### III. EXCLUSIONS

This Policy shall not apply to any **Damages** or **Claims Expenses** incurred with respect to any **Claim:**

I.    based upon or arising out of any actual or alleged activities of an **Insured** as, or an **Insured** acting in, the capacity as:

    1.    an officer, director, partner, trustee or employee of a pension, welfare, profit sharing, mutual or investment trust or fund, charitable organization, corporation or business enterprise, other than the **Named Insured;**

                      \*   \*   \*

      To the extent Kleinhendler may have acted as an officer, director, partner, trustee or employee of a corporation, business enterprise or entity that was not the Named Insured, coverage is not afforded under the policy.

      For the reasons set forth above, Associated is disclaiming coverage of the claims for damages related to and to the extent that Mr. Kleinhendler was not providing Professional Services on behalf of Wachtel as required by the terms and conditions of the policy; damages including taxes, fines or penalties, sanctions, whether imposed by law or otherwise, as well as the return of fees and costs, damages relating to disgorgement, future profits, or any further damages specifically excluded by the policy language; punitive damages; based upon or arises out of any actual or alleged dishonest, criminal, intentional, malicious or fraudulent act, error or omission or any willful violation of any statute or regulation by an Insured, if a final adjudication adverse to such Insured establishes such a dishonest, criminal, intentional, malicious or fraudulent act, error or omission or willful violation; any actual or alleged profit, remuneration or advantage to which Wachtel and/or Kleinhendler were not legally entitled, including the disgorgement of any such profit, remuneration or financial advantage by the Insured, and a final

Mr. Evan Weintraub
June 19, 2020
Page 9

adjudication adverse to Wachtel and/or Kleinhendler establishes such conduct; damages related to the extent Kleinhendler may have acted as an officer, director, partner, trustee or employee of a corporation, business enterprise or entity that was not the Named Insured and will not indemnify Wachtel and/or Kleinhendler with respect thereto. Associated is also reserving its right to disclaim coverage of this matter in its entirety to Wachtel and/or Kleinhendler.

Without waiver of this position or any of its rights, Associated will defend Wachtel and Kleinhendler under a reservation of rights. Associated is assigning Ciardi Ciardi & Astin firm to defend Wachtel and Kleinhendler, pursuant to Wachtel's request, in this matter.

This letter does not constitute a waiver of any policy provisions or defenses available to Associated.

If any of the factual information relied upon by us in the letter is inaccurate in any way, please advise us immediately in writing. If you receive any additional information concerning this matter, including suit papers, you should forward that information and suit papers to us immediately, and upon receipt we will reassess Associated's coverage position.

Sincerely,

*Amy N. Breazeale*

Amy N. Breazeale
AmTrust Financial Services, Inc.
233 North Michigan Avenue, Suite 1200
Chicago, IL 60601
407.775.4414
Amy.Breazeale@amtrustgroup.com

cc: Program Brokerage Group (PROF)
480 Norristown Road
Blue Bell, PA 19422

CONFIDENTIAL
AIIC02591