```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASSOCIATED INDUSTRIES INS. CO., INC.,     :
                          Plaintiff,      :
                                          :         21 Civ. 3624 (LGS)
           -against-                      :
                                          :              ORDER
                                          :
WACHTEL MISSRY LLP, et al.,               :
                          Defendants.     :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Procedural History**

WHEREAS, in this action, Plaintiff Associated Industries Insurance Co., Inc., seeks a declaratory judgment that it is not obligated to defend or indemnify Defendants Wachtel Missry LLP and Howard Kleinhendler, a former partner at Wachtel Missry, in connection with claims asserted against Defendants in the Eastern District of New York (the "Applestein Litigation"). A September 8, 2022, Opinion and Order granted Plaintiff's motion for judgment on the pleadings, subject to Defendants' affirmative defenses.

WHEREAS, Defendant Kleinhendler argues that the affirmative defenses of laches and estoppel obligate Plaintiff to provide insurance coverage to him in the malpractice proceedings. On September 15, 2022, each Defendant filed a letter regarding their affirmative defenses. On September 22, 2022, Plaintiff filed a letter in response. An Order issued October 6, 2022, construed the letters as motions for summary judgment. Pursuant to that Order, on November 4, 2022, the parties jointly filed the correspondence between Plaintiff and the Defendants relevant to the issue of summary judgment on the affirmative defenses.

WHEREAS, on December 16, 2022, the parties filed a joint letter stating that a settlement in principle had been reached between Plaintiff and Defendant Wachtel Missry. That letter

further stated that negotiations between Plaintiff and Kleinhendler had reached an impasse, and those parties jointly requested adjudication of the cross-motions for summary judgment on the affirmative defenses.

**Relevant Facts**

WHEREAS, on August 21, 2019, Plaintiff received notice of its potential obligation to provide coverage when Wachtel Missry provided a pre-suit demand made by the plaintiffs in the Applestein Litigation.  On August 22, 2019, Plaintiff confirmed receipt of the demand letter, and stated that it was not "waiving any terms, conditions, exclusions or other provisions of the insurance policy" and that it "expressly reserves all of its rights."  On September 18, 2019, Plaintiff requested further information from Defendant Wachtel Missry and stated its investigation was ongoing.  Plaintiff reiterated that "[w]hile [Plaintiff] continue[s] [its] investigation, [Plaintiff] reserves all rights."  On June 19, 2020, Plaintiff sent Defendant Wachtel Missry a letter disclaiming coverage under the policy.

WHEREAS, Subsection IX.K of the relevant policy states that "[Wachtel Missry] agrees to act on behalf of every Insured with respect to . . . the giving and receiving of any notice." Accordingly, Kleinhendler, through his agent Wachtel Missry, received notice of Plaintiff's reservation of rights in August 2019 almost immediately after making a demand for coverage, and ultimately received Plaintiff's disclaimer of coverage in June 2020.

**Relevant Law and Kleinhendler's Argument**

WHEREAS, under New York law,[1] the defense of estoppel applies to prevent an insurer "from asserting a defense to coverage, no matter how valid, if the insurer unreasonably delays in

---

[1] As with the September 8, 2022, Opinion and Order granting Plaintiff's motion for judgment on the pleadings subject to affirmative defenses, the Court applies New York law, due to the parties' implicit assumption that New York law applies.

2

disclaiming coverage and the insured suffers prejudice as a result of that delay." *Sparta Ins. Co. v. Tech. Ins. Co., Inc.*, 751 F. App'x 32, 34 (2d Cir. 2018) (summary order) (internal quotation marks omitted).

WHEREAS, under New York law, the defense of laches applies when "such neglect or omission to assert a right as, taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity. The essential element of this equitable defense is delay prejudicial to the opposing party[.]" *Capruso v. Village of Kings Point*, 16 N.E.3d 527, 532 (N.Y. 2014) (internal quotation marks omitted); *accord Longo v. KeyBank Nat'l Ass'n*, 357 F. Supp. 3d 263, 274 n.10 (S.D.N.Y. 2019).

WHEREAS, Kleinhendler asserts that he did not receive actual notice of Plaintiff's disclaimer of coverage until July 2021 when this lawsuit was filed. He argues estoppel and prejudice as a result, because Plaintiff exercised meaningful control over the Applestein Litigation and related bankruptcy proceedings. He further argues prejudice because in the absence of coverage, he would be financially burdened by the costs of his legal defense and would not have chosen the counsel he did in the Applestein Litigation if he had been aware of the reservation of rights.[2]

**Summary Judgment**

It is hereby **ORDERED** that on the parties' cross-motions for summary judgment on the affirmative defenses of estoppel and laches, Plaintiff's motion is **GRANTED**, and Kleinhendler's motion is **DENIED**. Kleinhendler has not made the requisite showing of delay and prejudice necessary for both defenses.

---

[2] In his November 4, 2022, letter, Kleinhendler does not mention his affirmative defense of laches. This Order nevertheless addresses it.

Regarding delay, Plaintiff provided Wachtel Missry with notice of its reservation of rights the day after Plaintiff received the pre-suit demand letter in the Applestein Litigation, and this constituted notice to Kleinhendler under the terms of the relevant policy. The ten-month period between Plaintiff's receiving the pre-suit demand letter and Plaintiff's sending the letter disclaiming coverage was not unreasonable because Plaintiff expressly reserved its rights in writing upon receipt of the demand letter. *See, e.g.*, *Gelfman v. Capitol Indem. Corp.*, 39 F. Supp. 3d 255, 270-72 (E.D.N.Y 2014) (finding no estoppel despite eleven-month period between notification and disclaimer, due to repeated reservations of rights); *U.S. Underwriters Ins. Co. v. Allstate Ins. Co.*, No. 10 Civ. 2353, 2013 WL 3148636, at *8-*9 (E.D.N.Y. June 19, 2013) (ten-month period between notification and disclaiming of coverage reasonable, because Plaintiff reserved its rights within several weeks of receiving notice); *see also Montpelier U.S. Inc. Co. v. 240 Mt. Hope Realty Co.*, 2015 WL 6395949, at *3 (S.D.N.Y. Oct. 22, 2015) (reasoning that, if an insurer had reserve[d] its rights upon receipt of notice of a potential claim, it could have reasonably disclaimed coverage ten months later, but the failure to reserve made its disclaimer unreasonable).

Regarding prejudice, the alleged prejudice caused by Plaintiff's control of the course of the Applestein Litigation springs from Wachtel Missry's choice to accept Plaintiff's defense subject to a reservation of rights, rather than from any delay in Plaintiff's assertion of its rights.

\* \* \*

By **January 5, 2023**, the remaining parties shall submit a joint proposed form of Judgment consistent with this Order and the September 8, 2022, Opinion and Order.

Dated: December 27, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE